# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CURTIS ALEXANDER, ON HIS OWN**
**BEHALF AND OTHERS SIMILARLY**
**SITUATED,**

                      **Plaintiffs,**

**-vs-**                                                                **Case No. 6:07-cv-1322-Orl-28DAB**

**BAY TOWERS DEVELOPMENT, LLC,**
**DAVID HOURI,**

                      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 15)**
>
> **FILED:**       **January 11, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This is an action under the Fair Labor Standards Act ("FLSA"). Styled as a collective action, the Complaint alleges that the named and opt-in Plaintiffs were construction workers employed by the corporate Defendant. The instant motion purports to seek approval of settlement agreements reached between all of the parties on all of the pending issues.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Although the Court usually convenes a fairness hearing, here, all relevant terms of the settlement are undisputed and set forth clearly in the motion. Although the motion contains certain

agreements and releases as exhibits, and these documents contain many extraneous covenants and agreements, for present purposes, the Court need address only the terms set forth in the motion.

Opt-in plaintiffs Leandra Pfaff and Richard White[1] are to receive full compensation for their claim, without compromise. As these plaintiffs will receive all that they are entitled to, the settlement is clearly in their best interest. Full recompense is *per se* fair.

Named Plaintiff Curtis Alexander has agreed to settle his $3,380.00 claim for $2,000.00 and opt-in plaintiff Wendy Berude has agreed to settle her $3,380.00 claim for $1,500.00. As the motion sets forth a rationale basis for the compromise (Defendant's position that all monies owed were timely paid, an agreement to waive certain counterclaims against them for removal of equipment, and the relocation of these plaintiffs out of the area), the Court finds the settlement to be fair and reasonable as to these plaintiffs, as well.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment," a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery.

---

[1] The Court notes (and corrects) the typographical error on page 3 of the motion, with respect to Mr. White.

Plaintiff's counsel seeks an award of fees in the total amount of $4,000.00, representing $3,500 in attorney's fees (for 14 hours of work) and $500.00 in costs. The parties agree that this is reasonable and the Court concurs.

It is therefore **respectfully recommended** that the motion be **granted,** with judgment entered accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 16, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy